UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Priorities USA, Rise, Inc., and the Detroit/Downriver Chapter of the A. Philip Randolph Institute, <br><br> Plaintiffs, <br><br> v. <br><br> Dana Nessel, in her official capacity as Attorney General of the State of Michigan, <br><br> Defendant. | NO. 20-10211 <br><br> JUDGE MARK A. GOLDSMITH <br><br> MAGISTRATE JUDGE DAVID R. GRAND <br><br> **MOTION FOR A PRELIMINARY AND PERMANENT INJUNCTION** |

Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs Priorities USA, Rise, Inc., and the Detroit/Downriver Chapter of the A. Philip Randolph Institute move for a preliminary and permanent injunction against the enforcement of (1) the Absentee Ballot Organizing Ban codified at Michigan Compiled Laws § 168.759(4), (5), (8), and (2) the Voter Transportation Ban codified at Michigan Compiled Laws § 168.931(1)(f). The undersigned counsel certifies that counsel made no attempt to seek concurrence in the relief requested by this motion because counsel has not yet entered an appearance. Counsel did, however, send a request for concurrence to counsel in *Priorities v. Nessel* Civil Action No. 19-13341 (E.D. Mich.) which was denied and will serve this motion on Defendant with the complaint.

The Absentee Ballot Organizing Ban and Voter Transportation Ban restrict efforts to empower and mobilize voters to participate in the electoral process and thereby curb the efforts of organizations like Plaintiffs to build political power within their constituent communities. The laws regulate core political expression imprecisely and without adequate justification, and in conflict with federal law. They also make it more difficult for individuals to vote in Michigan by reducing transportation options and the pool of persons who can assist voters in voting.

With the 2020 election less than 10 months away, the continued enforcement of the Absentee Ballot Organizing Ban and the Voter Transportation Ban irreparably injures Plaintiffs by requiring them to abstain from engaging in constitutionally protected political expression. Therefore, an injunction preventing enforcement of the laws would promote the public interest in "robust enforcement of constitutional rights." *Am. Freedom Def. Initiative v. Suburban Mobility Auth. for Reg'l Transp. (SMART)*, 698 F.3d 885, 896 (6th Cir. 2012). Finally, an injunction would not cause substantial harm to Defendant Attorney General Nessel or others. Accordingly, Plaintiffs request a preliminary injunction against enforcement of the Absentee Ballot Organizing Ban and the Voter Transportation Ban. Plaintiffs submit the attached brief and affidavits in support of their motion. Plaintiffs have contemporaneously filed a motion to consolidate the court's decision on the

- 2 -

preliminary injunction with a trial on the merits and therefore also request a permanent injunction and declaratory judgment.

Dated: January 28, 2020

Kevin J. Hamilton
PERKINS COIE LLP
1201 3rd Ave.
Seattle, WA 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9741
khamilton@perkinscoie.com

Sarah S. Prescott, Bar No. 70510
SALVATORE PRESCOTT &
PORTER, PLLC
105 E. Main Street
Northville, MI 48168

*Attorneys for Plaintiffs*

Respectfully submitted,

By:   /s/ Marc E. Elias
Marc E. Elias
Christopher J. Bryant
Courtney A. Elgart*
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211
melias@perkinscoie.com
cbryant@perkinscoie.com
celgart@perkinscoie.com

*Attorneys for Plaintiffs*
*Seeking Admission to E.D. Mich.

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2020, I electronically filed the above document(s) with the Clerk of the Court using the ECF System and will serve the motion on Defendant with the Complaint.

## LOCAL RULE CERTIFICATION

I, Marc Elias, certify that this document and complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully submitted,

By: __/s/ Marc E. Elias_____
Marc E. Elias
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211
melias@perkinscoie.com