UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Priorities USA, Rise, Inc., and the Detroit/Downriver Chapter of the A. Philip Randolph Institute,<br><br>    Plaintiffs,<br><br>v.<br><br>Dana Nessel, in her official capacity as Attorney General of the State of Michigan,<br><br>    Defendant. | NO. 20-10211<br><br>JUDGE MARK A. GOLDSMITH<br><br>MAGISTRATE JUDGE DAVID R. GRAND<br><br>**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR EXPEDITED CONSIDERATION OF MOTION FOR PRELIMINARY AND PERMANENT INJUNCTION, EXPEDITED DISCOVERY, AND CONSOLIDATION OF HEARING ON MOTION FOR PRELIMINARY INJUNCTION WITH HEARING ON MERITS** |

## STATEMENT OF THE ISSUES PRESENTED

Plaintiffs Priorities USA, Rise, Inc., and the Detroit/Downriver Chapter of the A. Philip Randolph Institute have moved for a preliminary and permanent injunction to enjoin the enforcement of several Michigan election laws that unconstitutionally restrict core political activity and are preempted by federal law. They now seek to (1) expedite briefing and consideration of their motion for a preliminary and permanent injunction to ensure that the case is litigated before the 2020 election; (2) engage in limited early discovery related to the injunction; and (3) consolidate the hearing for the motion for preliminary injunction with the trial on the merits.

Plaintiffs seek expedited consideration of their motion for preliminary injunction so that there is sufficient time before the November election for Plaintiffs and other organizations to make lawful arrangements regarding absentee voting and voter transportation, get-out-the-vote activities, including recruiting and training volunteers, and raising money, all of which requires time.

Plaintiffs seek to engage in limited discovery before the Rule 26(f) conference (which is not yet scheduled) to support their Motion for Preliminary and Permanent Injunction. Specifically, Plaintiffs seek: (1) a statewide list of precincts including their geographic boundaries and the address of the associated polling places that were open in the 2018 general election or, if available, the planned locations and geographic boundaries for the 2020 general election; (2) a copy of the most up-to-

i

date qualified voter file; (3) a statewide file of registered personal vehicles; and (4) a statewide file of driver's licenses. These requests are narrowly tailored to Plaintiffs' claims regarding the Voter Transportation Ban's undue burden on the right to vote and is targeted to help resolve this action as quickly as possible.

Finally, Plaintiffs seek to consolidate the hearing for the motion for preliminary injunction with the trial on the merits because the overwhelming majority of Plaintiffs' claims turn on legal issues, and a resolution of the Motion for Preliminary Injunction will essentially function as a decision on the merits.

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Cases**

*Am. Civil Liberties Union of Ky. v. McCreary Cty.*, 607 F.3d 439 (6th Cir. 2010)

*Johnson v. U.S. Bank Nat. Ass'n*, No. 1:09-CV-492, 2009 WL 4682668 (S.D. Ohio Dec. 3, 2009)

*Summit Cty. Democratic Cent. & Exec. Comm. v. Blackwell*, 388 F.3d 547 (6th Cir. 2004)

**Statutes and Regulations**

28 U.S.C. § 1657(a)

Fed. R. Civ. P. 26

Fed. R. Civ. P. 56

Mich. Comp. Laws § 168.759(4), (5), (8); and (2)

Mich. Comp. Laws § 168.931(1)(f)

E.D. Mich. L.R. 65.1

## INTRODUCTION

The November 3, 2020 is 281 days away. By all accounts, Michigan will figure prominently in determining who wins the Presidency and which party retains control of the U.S. House and U.S. Senate. And the margin of victory in Michigan is likely to be razor thin. In the 2016 presidential election, Michigan was decided by less than 11,000 votes. Plaintiffs have challenged two laws that criminalize efforts to assist voters at the cost of voter's rights and the rights of organizations—like Plaintiffs—who are deeply invested in convincing and mobilizing voters to participate in the next election. Specifically, Plaintiffs challenge two laws that criminalize certain aspects of assisting voters—(1) the Absentee Ballot Organizing Ban,[1] which prohibits certain people from requesting or soliciting to assist voters with their absentee ballots and assisting in returning absentee ballot applications; and (2) the Voter Transportation Ban,[2] which criminalizes the act of paying drivers to transport voters to the polls.

The challenged laws target efforts to empower and mobilize voters to participate in the electoral process and thereby curb the efforts of organizations like Plaintiffs to build political power within their constituent communities. The challenged laws regulate core political expression imprecisely and without adequate

---

[1] Mich. Comp. Laws § 168.759(4), (5), (8); and (2).
[2] Mich. Comp. Laws § 168.931(1)(f).

justification, and in conflict with federal law. The laws also make it more difficult for individuals to vote in Michigan by reducing transportation options and the pool of persons who can assist voters in absentee ballot applications, which can be crucial to the ability to vote. In challenging these laws, Plaintiffs assert eight distinct causes of action, most of which consist of entirely legal issues. The few causes of action that are not entirely legal issues can be decided with discrete evidence obtained through narrowly tailored discovery. Because expedited resolution of this case, including time for consideration of the case at the trial and court of appeals level, will benefit the parties and the general public, Plaintiffs move for an expedited consideration of the motion, expedited discovery, and a consolidation of the hearing for preliminary injunction with a trial on the merits.

## ARGUMENT

**I.  Because the parties and the public have an interest in the prompt resolution of this matter, an expedited schedule for and consideration of Plaintiffs' Motion for Preliminary Injunction is proper.**

Plaintiffs, pursuant to Eastern District of Michigan Local Rule 65.1 and 28 U.S.C. § 1657(a), respectfully request this Court to set an expedited schedule for their Motion for Preliminary Injunction and to expeditiously consider it. As noted in Plaintiffs' briefing in support of their motion for a preliminary and permanent injunction, Plaintiffs will suffer irreparable harm without issuance of a preliminary injunction. Elections are unique events, and there are no do-overs. *League of Women*

*Voters of N.C. v. North Carolina*, 769 F.3d 224, 247 (4th Cir. 2014) ("[O]nce the election occurs, there can be no do-over and no redress."). The primary election takes place in less than two months, and the general election is less than 10 months from today. Plaintiffs and other organizations engaged in get-out-the-vote efforts have already begun or will soon begin their planning for the general election in earnest. Recruiting and training staff and volunteers and making budgeting decisions takes both time and resources, and a speedy resolution of these issues will allow all interested parties to expend the time and money necessary to make these preparations only once.

Federal statute and the Local Rules of the Eastern District of Michigan allow for expedited consideration for a preliminary injunction. *See* 28 U.S.C. § 1657(a) ("[T]he court of the United States shall expedite the consideration of any action . . . for temporary or preliminary injunctive relief"); L.R. 65.1 ("The court may set a different time schedule for [preliminary injunction] motions and briefing."). Courts regularly impose expedited briefing schedules when plaintiffs seek injunctive relief related to an election. *See, e.g.*, *Citizens for Responsible Gov't Advocates, Inc. v. Barland*, No. 14-C-1222, 2014 WL 5148437, at *1 (E.D. Wis. Oct. 14, 2014) (maintaining expedited briefing schedule over defendants' objections "[i]n light of the important constitutional issues at stake" in election-related preliminary injunction); *Erard v. Johnson*, 905 F. Supp. 2d 782, 788 (E.D. Mich. 2012) (noting

3

that magistrate judge entered expedited briefing when injunctive election relief was sought by plaintiff); *Ramos v. Illinois*, No. 90 C 7211, 1991 WL 18183, at *1 (N.D. Ill. Feb. 11, 1991) (noting that requested preliminary injunction was the subject of an expedited briefing schedule).

Whether the Voter Transportation Ban is constitutional not only affects get-out-the-vote efforts of Plaintiffs and others, but it will also affect law enforcement and prosecutorial resources on a statewide and county-by-county basis. Without an expedited decision on Plaintiffs' motion for a preliminary injunction, the parties will lack the ability to effectively and efficiently mobilize voters with any certainty regarding the legality of their actions. And because no prosecuting attorneys in this state would commit to not prosecuting Priorities and others who would spend money to transport voters to the polls, valuable and finite public resources stand to be wasted if the challenged provision is unconstitutional. The same is true of the Absentee Ballot Organizing Ban.[3]

Although any ruling will likely come too late for Michigan's March 2020 primary election, a ruling from the Court by June will leave sufficient time (1) for adjudication of an appeal at the circuit level and (2) for Plaintiffs and other interested

---

[3] Plaintiff Priorities distributed a letter to each of Michigan's county prosecutors seeking a commitment that their offices would not prosecute Priorities, its agents, and others who (1) spend money to transport Michigan voters to the polls, or (2) engage in certain activities related to assisting individuals with their absentee ballot applications.

parties to tailor their absentee ballot organizing and voter transportation efforts in ways that are effective and do not break the law in preparation for the 2020 general election. Because "[t]here is a strong public interest in allowing every registered voter to vote freely," *Summit Cty. Democratic Cent. & Exec. Comm. v. Blackwell*, 388 F.3d 547, 551 (6th Cir. 2004), an early resolution that enables Plaintiffs and others to maximize their efforts to ensure that Michigan citizens can fully exercise their rights to vote will also benefit the public as a whole. For these reasons, Plaintiffs request that the Court establish an expedited schedule for and consideration of Plaintiffs' motion for preliminary and permanent injunctions.

**II.     Plaintiffs have good cause to engage in limited early and expedited discovery because it the requested information is relevant to the determination of Plaintiffs' motion for preliminary injunction.**

A party may not seek discovery before a Rule 26(f) conference without a court order, Fed. R. Civ. P. 26(d)(1), and a court may issue such an order when the party seeking expedited discovery shows good cause. Good cause exists when "the plaintiff's need for expedited discovery outweighs the possible prejudice or hardship to the defendant." *Johnson v. U.S. Bank Nat. Ass'n*, No. 1:09-CV-492, 2009 WL 4682668, at *1 (S.D. Ohio Dec. 3, 2009). To satisfy the good cause standard, the requested discovery must also be "appropriately narrow and targeted." *Id.*

Here, Plaintiffs seek early and expedited discovery of the following four items: (1) a statewide list of precincts including their geographic boundaries and the

5

address of the associated polling places that were open in the 2018 general election or, if available, the planned locations and geographic boundaries for the 2020 general election; (2) a copy of the most up-to-date qualified voter file; (3) a statewide file of registered personal vehicles; and (4) a statewide file of driver's licenses. Pursuant to Local Rule 7.1, Plaintiff asked Defendant to provide these materials, but Defendant would not agree to provide the materials before the 26(f) conference and on an expedited schedule without a court order.

The requested information will assist Plaintiffs with establishing their claims related to the undue burden that the Voter Transportation Ban places on individual voters, and specifically with (1) identifying travel distances and times for Michigan voters to the polls; (2) highlighting how direct transportation to the polls via motor vehicle reduces travel time as compared to alternative methods of transportation (i.e., public transportation) for individuals who lack access to a motor vehicle; and (3) quantifying the impact by analyzing the number of voters who lack access to private personal transportation.

Defendant will not experience any prejudice or hardship in producing this information. Each of the requested items is readily accessible, and to the extent that Defendant asserts a legitimate concern regarding confidentiality or use of the data, Plaintiffs are willing to enter into an appropriate protective order.

### III. The Court should consolidate the hearing on Plaintiffs' motion for preliminary injunction with a trial on the merits.

Pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs also move to consolidate the hearing on their motion for preliminary injunction with trial. Consolidation of the hearing and trial is warranted because (1) many of Plaintiffs' claims are predominately legal; (2) the relevant facts related to the remaining claims will be largely undisputed; (3) the preliminary injunctive relief Plaintiffs seek—that is, enjoining the enforcement of the Absentee Ballot Organizing Ban and the Voter Transportation Ban—is the same relief they seek in a trial on the merits;[4] and (4) the interest of judicial economy would be served by holding the hearing and a trial on the merits at the same time. *See Devers v. Mooney*, No. 3:12-CV-700-S, 2013 WL 3821759, at *3 (W.D. Ky. July 23, 2013) (applying similar factors).

As a threshold matter, consolidation would serve judicial economy. The only difference between the preliminary and permanent injunction standards is that for a permanent injunction, a plaintiff must demonstrate actual success on the merits of their claim instead of a likelihood of success. *Am. Civil Liberties Union of Ky. v.*

---

[4] Plaintiffs also seek entry of a declaratory judgment. Because there is not an ongoing state proceeding or any federalism concerns militating against the court's exercise of jurisdiction under the Declaratory Judgment Act, entry of a declaratory judgment will not require any additional, independent factfinding in this case. *See Steffel v. Thompson*, 415 U.S. 452, 471-72 (1974).

*McCreary Cty.*, 607 F.3d 439, 445 (6th Cir. 2010). Because the relevant facts will be before the Court in the preliminary injunction phase, its preliminary injunction analysis will likely track its permanent injunction analysis. Consolidation will prevent unnecessarily duplicative efforts.

In addition, six of the eight Counts in Plaintiffs' Amended Complaint are largely questions of law. Two involve federal preemption, two involve vagueness and overbreadth claims, and two assert that the challenged statutes plainly violate speech and associational rights guaranteed by the First and Fourteenth Amendments. The parties will likely disagree regarding the legal significance of certain facts regarding these six Counts, but the facts themselves are not likely to be disputed.

Finally, the need for factual development is limited. Two of the eight Counts in Plaintiffs' Amended Complaint address the undue burden the challenged provisions place on the fundamental right to vote. The Court's determination of these two Counts will likely benefit from the limited expedited discovery that Plaintiffs have requested in this motion, but the facts developed through this discovery are unlikely to be heavily disputed by Defendant because they are—or will be derived from—the State's official records regarding polling place location, voter data, and vehicle ownership. As with the six other Counts, the relevant facts will be before the Court at the preliminary injunction stage.

8

## CONCLUSION

Plaintiffs respectfully request that the Court enter an order that (1) sets expedited dates for briefing of this motion with a response due January 29, 2020 and a reply due January 31, 2020; (2) sets expedited dates for briefing, with a Response to Plaintiffs' Motion for Preliminary and Permanent Injunction on February 25, 2020 and Plaintiffs' Response on March 10, 2020; (3) sets a deadline for additional affidavits in support or opposition to Plaintiff's Motion of April 10, 2020, pursuant to Local Rule 7.1(g) with a deadline for any rebuttal expert declarations of April 17, 2020. Plaintiffs also request that the Court (4) consider and resolve Plaintiffs' Motion for a Preliminary and Permanent Injunction on an expedited basis (with a hearing on or before May 1, 2020); and (5) order Defendant to comply with Plaintiff's limited discovery requests within 14 days of the entry of an order but no later than February 14, 2020.

Dated: January 28, 2020

Kevin J. Hamilton
PERKINS COIE LLP
1201 3rd Ave.
Seattle, WA 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9741
khamilton@perkinscoie.com

Sarah S. Prescott, Bar No. 70510
SALVATORE PRESCOTT &
PORTER, PLLC
105 E. Main Street
Northville, MI 48168

*Attorneys for Plaintiffs*

Respectfully submitted,

By: __/s/ Marc E. Elias__
Marc E. Elias
Christopher J. Bryant
Courtney A. Elgart*
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211
melias@perkinscoie.com
cbryant@perkinscoie.com
celgart@perkinscoie.com

*Attorneys for Plaintiffs*

*Seeking Admission to E.D. Mich.

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2020, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, and will serve the motion on Defendant with the Complaint.

## LOCAL RULE CERTIFICATION

I, Marc Elias, certify that this document and complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully submitted,

By:   /s/ Marc E. Elias
Marc E. Elias
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211
melias@perkinscoie.com